

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2006

# USA v. Powell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Powell" (2006). *2006 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1393

UNITED STATES OF AMERICA

v.

HERBERT S. POWELL,
aka
DAVID SIMON
aka
DAVID MOODY
aka
LB

Herbert S. Powell,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court Criminal No.:03-cr-187-4
District Judge: The Honorable John W. Bissell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2006

Before: SMITH, WEIS, and ROTH, *Circuit Judges*

(Filed: August 1, 2006)

OPINION

SMITH, *Circuit Judge*.

Herbert S. Powell pleaded guilty to a conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 and to bank fraud in violation of 18 U.S.C. § 1344. His sentencing was postponed until after the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). The presentence report computed Powell's total offense level at 21 and his criminal history category was V, yielding a guideline range of 70-87 months. The District Court adjusted Powell's total offense level downward to 16, according him an additional reduction for acceptance of responsibility and by decreasing the amount of loss for checks that had not been cashed. As a result, his guideline range was reduced to 41-51 months. The District Court considered the adjusted guideline range, and the various factors enumerated in 18 U.S.C. § 3553(a), including the fact that the victims' of Powell's offenses were nursing home residents. In discussing these factors, the District Court declared that "a substantial period of imprisonment is clearly indicated," acknowledged that Powell's sentence would be greater than his co-defendants, and pointed out that Powell was a "major player." It imposed, *inter alia*, a sentence of 56 months' imprisonment on both counts to be served concurrently and consecutive to a New Jersey state sentence.

Appellate counsel, who did not represent Powell in the District Court, subsequently moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that "[a]fter conscientious examination, counsel can find nothing in the record that might arguably support Mr. Powell's appeal." In addition, appellate counsel noted that he considered *Booker*, "but cannot avoid the conclusion that

2

it would not assist Powell in light of his plea agreement, and the district court's findings reducing his offense level from those recommended in the Presentence Report."

After receiving appellate counsel's motion to withdraw and the *Anders* brief, Powell filed an informal brief, contending that there was a speedy trial violation, that his counsel in the District Court had been ineffective, and that the District Court erred by departing upward from the adjusted guideline range.

In *Anders*, the Supreme Court set out a procedure for counsel to follow when he concludes that an appeal would be frivolous. 386 U.S. at 744. In *United States v. Youla*, 241 U.S. 296 (3d Cir. 2001), we instructed that the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* at 300. We declared that our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

After carefully reviewing the briefs and the record in this appeal, we conclude that counsel has adequately fulfilled the requirements of *Anders*. Because Powell pleaded guilty, any challenge on appeal is limited to whether the District Court had the authority to enter the conviction and impose a sentence, and to whether the plea was knowing and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In addition, he is entitled to attack under 18 U.S.C. § 3742(a) his sentence to the extent it was imposed in violation of law. *See also United States v.*

3

*Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). Here, we find nothing to suggest that Powell's guilty plea was constitutionally infirm. Nor is there any basis for finding that Powell's sentence was unreasonable. He was the beneficiary of a downward adjustment in his total offense level and a significant reduction in his guideline range, and the District Court fully considered each of the factors enumerated in 18 U.S.C. § 3553(a) before imposing what it deemed a just sentence in light of Powell's offenses of conviction.

We recognize that Powell's *pro se* submission contends that his counsel in the District Court was ineffective because he pressured him to sign the guilty plea and to admit his guilt in response to the Court's questions during the plea colloquy, and because he refused Powell's request to file a motion to withdraw his guilty plea before sentencing. This claim, however, "concerns conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing." *Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984) (citation and internal quotation marks omitted). Thus, the record from the District Court, which has not been developed to litigate an ineffectiveness claim, is "incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Powell's ineffectiveness argument, therefore, is best addressed in a collateral proceeding rather than on direct review. *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2002) (discussing *Massaro*, 538 U.S. at 500).

For the reasons set forth above, we conclude that Powell's direct appeal is frivolous. We will grant counsel's motion to withdraw. We further certify that the issues

4

presented in this appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).